IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL O'HALLORAN,** | **CIVIL NO. 1:13-0344** |
| **Plaintiff** | **(Judge Rambo)** |
| v. | **(Magistrate Judge Carlson)** |
| **UNITED STATES OF AMERICA,** | |
| **Defendant** | |

## M E M O R A N D U M

Plaintiff is a federal prisoner who was previously incarcerated at the United States Penitentiary at Canaan. While incarcerated, Plaintiff, along with numerous other inmates, contracted food poisoning, and was one of many inmates who filed a Federal Tort Claim against the United States, pursuant to 28 U.S.C. § 2401, *et seq.* and 28 U.S.C. § 2675, *et seq.* As part of a mediation program, the case was settled.

On January 13, 2014, Plaintiff filed a motion to enforce the settlement (Doc. 26), alleging that he had not received the payment due to him pursuant to the settlement. The matter was referred to Chief Magistrate Judge Martin C. Carlson who filed a report in which he recommended that the motion to enforce the settlement be denied. (Doc. 29.) Objections to the report and recommendation were due by March 3, 2014; however, no objections were filed and the court adopted Magistrate Judge Carlson's report and recommendation by order dated March 11, 2014. (Doc. 30.) On March 21, 2014, the order sent to Plaintiff at the USP Canaan address was returned, marked "refused." (Doc. 31.) Plaintiff filed untimely objections to the report and recommendation on March 26, 2014. It is noted that Plaintiff's return address is now FCI McKean in Bradford, Pennsylvania. The only explanation for the late filing of objections to the report and recommendation is Plaintiff's attempts to obtain information on his own regarding his settlement funds. Since this court determines

that a remand is necessary to further develop the record, the failure to file objections is not fatal.

The court adopted the report's recommendation in favor of dismissal of this action on the basis that, pursuant to 31 U.S.C. § 3716 and 31 C.F.R. § 285.5(a)(1), the United States Treasury has authority to collect delinquent non-taxable debts owed to the federal government. These off-setting debts can include child support, federal and state taxes, restitution, etc. The Treasury has confirmed that Plaintiff's settlement funds have been applied to "some other outstanding debt" owed by Plaintiff. (*See* Doc. 29, p. 3 of 13.)

The instant motion sets forth Plaintiff's efforts to obtain information as to where his settlement money was paid. He was given a telephone number of 1-800-304-3107 to call to address his inquiry. Although the instant motion does not aver that Plaintiff made any attempt to use this number, the court recognizes that an inmate faces difficulties beyond his control in efforts to use "800" telephone numbers. The motion does indicate, however, that Plaintiff wrote a letter addressed to "Customer Liaison Specialist, U.S. Department of Treasury, 3700 E. West Highway, Hyattsville, MD 20782," wherein he inquired into the debts his settlement money was used to satisfy. Rather than providing Plaintiff with an answer to his question, the response referred him to the "800" telephone number and a website to contact. As noted above, Plaintiff is incarcerated and does not have the amenities to do his own research.

Defendant cites to *United States v. Beulke*, 892 F. Supp. 2d 1176, 1187 (D.S.D. 2012) and argues that persons who are dissatisfied with the application of a Treasury offset may pursue "administrative procedure[s] 'established by statute and administered under implementing regulations, which provide due process to debtors against whom offset is sought.'" However, this leaves a very troubling question: How

can one pursue administrative remedies when he does not know the amount of the debt and to whom it is owed?

If the debt attributed to Plaintiff is to a federal agency, 31 U.S.C. § 3716(a) (1-4) requires that the creditor agency, *i.e.,* the federal agency that is owed a claim or debt that seeks to collect the debt through offset of federal payments, must notify the debtor of the following:

> (1) written notice of the type and amount of the claim, the intention of the head of the agency to collect the claim by administrative offset, and an explanation of the rights of the debtor under this section;
>
> (2) an opportunity to inspect and copy the records of the agency related to the claim;
>
> (3) an opportunity for a review within the agency of the decision of the agency related to the claim; and
>
> (4) an opportunity to make a written agreement with the head of the agency to repay the amount of the claim.

Title 31 U.S.C. § 3716(a), (c)(6) requires that a debtor be provided an opportunity to dispute the debt or make arrangements to pay it. However, it is axiomatic that one cannot dispute a debt of which he has no knowledge. The effectiveness of the above procedural processes require knowledge of the amount of the debt and to whom it is owed.

In *McCarty v. Astrue*, 505 F. Supp. 624 632 (N.D. Cal. 2007), the Treasury Department sent the plaintiff notice of the *amount* and *type* of debt he owed, notice of the Treasury's intention to collect the debt by offsetting his EAJA award, and the rights available to him to challenge the administrative offset. It appears that concerns of privacy in *McCarthy* did not prohibit the Treasury from advising the debtor of the amount of the debt and the agency to whom it was owed. Furthermore, 31 C.F.R. § 285.5(g)(3) requires that when an offset occurs, the payee shall be notified

in writing of the following, *inter alia*: (1) that an offset has occurred; (2) a description of the payment; (3) the amount debt subject to offset; and (4) the identity of the creditor agency requesting the offset.

      Until the court is satisfied that Plaintiff has been provided with the notices required for a Treasury offset, the court will defer ruling on the report and recommendation and will remand the matter to Chief Magistrate Judge Carlson for a determination of whether such required notices have been given to Plaintiff by Defendant, along with proof of same.  An appropriate order will be issued.

                                                           s/Sylvia H. Rambo
                                                      United States District Judge

Dated:  April 7, 2014.